UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 99-40137-RHB |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER REGARDING WRIT OF *AUDITA QUERELA* |
| RONALD N. TOTARO, | ) ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Defendant was convicted of sixty-one counts of mail fraud, wire fraud, money laundering, unlawful money transactions, and RICO racketeering. Defendant appealed his conviction to the Eighth Circuit Court of Appeals. In his appeal, defendant raised the following issues: improper jury instructions, error in admitting evidence of an earlier mail fraud conviction, improper venue, failure to dismiss the indictment, and sufficiency of the evidence to support his convictions. On July 8, 2002, the Eighth Circuit affirmed the conviction and sentence. See United States v. Totaro, 2002 WL 1453678 (8th Cir. July 8, 2004).

On April 19, 2004, defendant moved for the issuance of a writ of habeas corpus. On May 13, 2004, the Court dismissed the application finding that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996. Defendant filed a notice of appeal to the Eighth Circuit on June 30, 2004. The Eighth Circuit dismissed the appeal,

thus affirming the determination of the Court. See Totaro v. United States, NO. 04-2646 (8th Cir. filed December 13, 2004).

On June 28, 2006, defendant moved for a reduction of sentence and for recusal of the judge. These motions were denied by the Court on August 24, 2006. Defendant appealed the denial of his motions. The Eighth Circuit affirmed the Court's ruling on April 9, 2007.

On December 10, 2007, defendant filed a motion for reconsideration. He filed a second motion for reconsideration on December 17, 2007. Both of these motions were denied. Defendant again appealed the Court's Orders, filing a notice of appeal on January 2, 2008. While this appeal was still pending, defendant filed another motion for relief from judgment on November 26, 2008. The Court denied this motion on December 4, 2008. Defendant appealed this denial as well. On April 10, 2009, the Eighth Circuit affirmed the judgment of the Court with regard to both appeals. A mandate to that effect was issued on April 27, 2009.

Now, defendant comes before the Court seeking relief by petitioning for a writ of *audita querela*. Based upon the following discussion, the Court finds that this petition must be denied.

## DISCUSSION

A writ of *audita querela* is a common law writ that allows the attack of the enforcement of a judgment after it has been rendered. See Black's Law Dictionary, 126 (7th ed.1999). Though the writ has been abolished from use in civil proceedings, there is some question as to whether it is available in criminal proceedings. See United States v. Holt, 417

F.3d 1172 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001). A number of circuits, however, have found that the writ is not available where postconviction relief is available through other means. See Holt, 417 F.3d at 1173 (setting forth that the Fourth, Fifth, Seven, Ninth, and Tenth Circuits have held that a writ of *audita querela* is unavailable when a prisoner may find relief through § 2255 or *coram nobis* motions). While the Eighth Circuit has yet to rule on the issue, this Court finds the reasoning of these other circuits that the writ of audita querela is available "only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief." Valdez-Pacheco, 237 F.3d at 1079. The Court, therefore, must determine if relief would be available to defendant under § 2255 or if the relief he seeks falls into a 'gap.'

Defendant alleges that relief under § 2255 is unavailable to him because he is barred from presenting claims due to the statute of limitations. Defendant argues that he is actually innocent of the crime and that neither this Court nor the Eighth Circuit has evaluated the merits of his claims due to procedural bars. Defendant then sets forth claims of error during the trial and resulting constitutional violations.

The Court finds that these claims would be properly presented in a petition for writ of habeas corpus under § 2255. Furthermore, a "§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . ." Perz v. Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002). Defendant has not set forth any evidence to establish a "gap" in the relief currently available to him. As a result, the Court finds that the writ of *audita querela* is unavailable.

3

Based upon this finding, and as defendant is acting pro se, the Court will liberally construe his pleadings as a petition for a writ of habeas corpus under § 2255. Title 28 of the United States Code, section 2255 provides in pertinent part,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As defendant has previously filed a petition for writ of habeas corpus, certification must be sought before the Court has jurisdiction to entertain this motion. There is no evidence of certification by the Eighth Circuit. Therefore, this Court may not entertain this motion at this time. Accordingly, it is hereby

ORDERED that defendant's petition for writ of *audita querela* (Docket #676) is denied.

IT IS FURTHER ORDERED that defendant's petition for writ of habeas corpus (Docket #676) is dismissed as it is a successive petition that has not been certified.

Dated this 9th day of March, 2010.

BY THE COURT:

*/s/ Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE