UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD N. TOTARO,<br><br>Defendant. | 4:99-CR-40137-RAL<br><br><br>OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE |

This Court filed this same opinion and order in Totaro v. United States, 19-cv-4057-RAL. Defendant Ronald N. Totaro filed initially the motion for compassionate release in this case, albeit with other claims that prompted this Court to treat the filing as a habeas action. Therefore, this Court is filing the same opinion and order in this case as well.

Ronald Totaro was convicted by a jury of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering in 2001. United States v. Totaro, No CR 99-40137—RHB, 2010 WL 883773, at *1 (D.S.D. March 10, 2010); Doc. 1 at 5. The convictions resulted from an "advance fee" scheme Totaro ran from 1984 until 1999 in which he scammed investors out of millions of dollars. United States v. Totaro, 40 F. App'x 321, 322 (8th Cir. 2002). To accomplish his scheme, Totaro posed as an international banker and convinced individuals and small businesses that he could broker high-risk loans by taking their advanced fees and pooling it with other investors' advanced fees to offer a private placement to secure more funds which he would then use to grant those investors favorable loans. Id.; Totaro v. The Hon. Richard H. Battey, No. 12-4143-RAL, Doc. 8 at 1–2. He presented a convincing show to his victims by representing that he had high ratings from investor services and showing them

1

forged documents. Totaro, 40 Fed. App'x at 322. He even placed advertisements on the internet and in periodicals seeking out borrowers to defraud. Id. at 325. Rather than follow through with the plan he presented to his investors, Totaro pocketed the advanced fees his victims, many of whom were from South Dakota, had provided him. Id. Prior to this scheme, Totaro had been convicted of mail fraud for a similar scheme in the Western District of New York in 1984. Id. at 322.

For these crimes, Totaro was sentenced to thirty years in prison and ordered to pay more than two million dollars in restitution. Id. Since his sentencing, Totaro has been in the custody of or under the supervision of the Bureau of Prisons (BOP). In January 2019, Totaro was confined at FCI Fort Dix Camp and filed a motion for compassionate release in his criminal case, 99-CR-40137-01. Doc. 1 at 1. However, this Court mistakenly construed that motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and directed further filing to occur in this newly opened civil matter. See Totaro, 99-CR-40143. After some confusion about whether this civil matter should be transferred to the District of New Jersey, where Totaro was confined at the time, the Court of Appeals for the Eighth Circuit determined that this Court was in the proper position to determine the motion. Doc. 18.

In this habeas action, a motion for compassionate release was filed in March 2020. Doc. 29. The Government responded, indicating that due to the COVID-19 outbreak in the United States, the BOP was recommending Totaro for transfer to home confinement and that Totaro's approval paperwork and quarantine protocol were already in progress. Doc. 30 at 1. In light of those circumstances, the Government requested that this Court wait to rule on Totaro's motion. Id. at 2. Totaro's BOP supervision has since been transferred to New York Residential Reentry Management field office. See Find an Inmate, Federal Bureau of Prisons,

https://www.bop.gov/inmateloc/ (last visited Aug. 8, 2020). This office manages federal inmates who are juveniles, on home confinement, short-term or long-term boarders, or in residential reentry centers. This re-designation suggests that Totaro has now been released on home confinement. Despite his release to home confinement, Totaro still asks this Court to rule on his pending motion, arguing that home confinement may still be withheld or revoked by the BOP. Doc. 31 at 3–4. For the reasons stated herein, this Court dismisses this habeas action and denies Totaro's motion for compassionate release, Doc. 29, at this time.

A motion for compassionate release under 18 U.S.C. § 3582(c), which Totaro's motion clearly is, cannot be brought through a habeas corpus petition. Habeas corpus petitions under 28 U.S.C. § 2241 allow prisoners to challenge the fact or duration of their confinement. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). If a prisoner "seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his ... custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Totaro has filed habeas petitions in the past to challenge his conviction, see Totaro v. United States, No. 5:08-cv-5041, but his current motion does not challenge the validity of his sentence or the length of his custody; rather, it requests a modification of his sentence based on "extraordinary and compelling" reasons. Doc. 29; see Hanson v. Rios, Case No. 19-cv-374 (JRT/TNL), 2019 WL 4307129 at *3 (D. Minn. July 19, 2019) ("A request for relief under 18 U.S.C. § [3582(c)] does not relate to the fact or duration of the sentence."). Therefore, this Court cannot consider this motion for compassionate release under the current habeas action, and this action is therefore dismissed. However, since it was this Court's decision to transfer Totaro's motion from his criminal matter, which was the proper place for filing, to this civil action, this Court will consider Totaro's motion on the merits.

3

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in very few, narrowly defined circumstances. 18 U.S.C. § 3582(c). One of those narrow circumstances is a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The compassionate release statute as amended by the First Step Act of 2018, in pertinent part provides that

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)   extraordinary and compelling reasons warrant such a reduction; ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). This motion for compassionate release was not brought by the Director of the BOP, but Totaro has exhausted his administrative remedies. Doc. 29-2. This Court must next (1) consider the sentencing factors found in 3553(a); (2) determine if extraordinary and compelling reasons warrant a sentence reduction; and (3) and consider whether a reduction is consistent with the Sentencing Commission's policy statement.

The sentencing factors in 18 U.S.C. 3553(a) supported a considerable sentence for Totaro's offenses. He committed sophisticated financial crimes that created a long list of victims, each of whom lost thousands of dollars, and resulted in a total restitution amount of almost $2.3 million. See Totaro, 4:99-cr-40137-RAL, Doc. 619 at 6–7, 9. These crimes were serious, especially considering that it was Totaro's second conviction for this type of offense. See Totaro, 40 Fed. App'x at 322. The original sentence was no doubt designed to not only deter Totaro from

committing similar crimes which his prior conviction apparently had not, but also to protect the public from him continuing to perpetrate these types of scams. In order to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the sentencing court determined that a total sentence of 360 months, broken down among the 61 counts of conviction, was a sufficient, but not greater than necessary, sentence.

This Court next looks to whether "extraordinary and compelling reasons" exist to justify a sentence reduction. Congress has left it to the Sentencing Commission to promulgate what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The Sentencing Commission set forth certain scenarios that would constitute "extraordinary and compelling reasons" in the commentary notes to Federal Sentencing Guideline § 1B1.13. Totaro bases his motion on subsection (B) to §1B1.13 comment note 1. Doc. 1 at 6. Subsection (B) provides that extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his... term of imprisonment, whichever is less." Totaro meets the objective requirements of subsections (i) and (iii). He is 78 years old, Doc. 4-4 at 1, and has served more than 19 years of his sentence. The question then becomes whether he is experiencing a serious deterioration in physical or mental health because of the aging process.

Totaro claims that because he has severe and degenerative arthritis caused by the aging process, that he is experiencing severe deterioration of his physical health. Doc. 1-1. Although Totaro's hip pain and osteoarthritis are undoubtedly examples of deterioration of physical health, it is unclear whether they constitute "serious deterioration." Totaro claims that he will require hip replacement surgery at some point, Doc. 1 at 9, which would likely improve his physical health, but his medical reports provided to this Court indicate that he is not interested in surgery, Doc. 4-

4 at 1, 5. Because Totaro has been released from confinement in a correctional institution and can therefore treat and exercise his condition more freely, this Court determines that his hip pain and osteoarthritis do not create the type of "serious deterioration" necessary to constitute a sentence reduction at this time. However, if Totaro experiences further deterioration of his physical condition, he is free to refile a motion for compassionate release in his criminal file.

The global COVID-19 pandemic affecting the United States in 2020 provides an interesting twist on Totaro's motion for compassionate release. Conditions of confinement make it difficult for prisoners at correctional facilities, particularly those who are high risk if they contract the disease, to practice the type of hygiene and safety protocols the Centers for Disease Control and Prevention recommend. Totaro would fall into the category of those at higher risk of COVID-19 complications because he is of an advanced age and suffers from hypertension. However, Totaro already appears to be out of Bureau of Prisons custody.

Totaro's pro se motion filed in his criminal case also asked this Court to waive the imposed period of supervised release and the restitution ordered as part of his sentence. Doc. 1 at 10–11; 7 at 5, 7. This Court does not appear to have the authority to modify either of those sentences under 18 U.S.C. § 3582(c), nor would this Court be inclined to do so anyway. Section 3582(c) contemplates a modification only of a term of imprisonment and does not address whether terms of supervised release or restitution orders may be modified in a similar manner.

Because this Court does not currently find "extraordinary and compelling reasons" for a sentence reduction at this time, it need not inquire into whether a reduction would be consistent with the Sentencing Commission's policy statement.

For the reasons stated herein, it is hereby

ORDERED that Totaro's motion for compassionate release, Doc. 29, is denied at this time. It is further

ORDERED that Totaro's petition for writ of habeas corpus, Doc. 1, is dismissed for lack of jurisdiction.

DATED this 11th day of August, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE