UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD N. TOTARO,<br><br>Defendant. | 4:99-CR-40137-RAL<br><br><br>OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE |

I.     **Factual Background**

Ronald Totaro was convicted by a jury of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering in 2001. United States v. Totaro, No. CR 99-40137—RHB, 2010 WL 883773, at *1 (D.S.D. March 10, 2010). The convictions resulted from an "advance fee" scheme Totaro ran from 1984 until 1999 in which he scammed investors out of millions of dollars. United States v. Totaro, 40 F. App'x 321, 322 (8th Cir. 2002). To accomplish his scheme, Totaro posed as an international banker and convinced individuals and small businesses that he could broker high-risk loans by taking their advanced fees and pooling it with other investors' advanced fees to offer a private placement to secure more funds which he would then use to grant those investors favorable loans. Id.; Totaro v. The Hon. Richard H. Battey, No. 12-4143-RAL. He presented a convincing show to his victims by representing that he had high ratings from investor services and showing them forged documents. Totaro, 40 Fed. App'x at 322. He even placed advertisements on the internet and in periodicals

1

seeking out borrowers to defraud. Id. at 325. Rather than follow through with the plan he presented to his investors, Totaro pocketed the advanced fees his victims, many of whom were from South Dakota, had provided him. Id. Prior to this scheme, Totaro had been convicted of mail fraud for a similar scheme in the Western District of New York in 1984. Id. at 322.

For these crimes, Totaro was sentenced to thirty years in prison and ordered to pay more than two million dollars in restitution. Id. In March 2020, Totaro filed a compassionate release request, Doc. 29, and filed in Totaro v. United States, 19-cv-4057-RAL, a parallel habeas action. This Court dismissed the parallel habeas case on August 11, 2020, Doc. 33, and filed the same opinion and order in the present file, 4:99-CR-40137-RAL, denying the requested compassionate release. Doc. 718. While the habeas action was ongoing and considering the COVID-19 pandemic, the Bureau of Prisons (BOP) on June 3, 2020, transferred Totaro from FCI Fort Dix Camp to home confinement under the supervision of a halfway house, The Drapelick Center, Community Solutions, in Bloomfield, Connecticut. Doc. 725. He has lived with his wife since his release. Doc 725.

Despite his release to home confinement, Totaro asks this Court again for compassionate release, arguing that home confinement may still be withheld or revoked by the BOP. Doc. 725. On November 11, 2021, the Office of the Federal Public Defender filed a supplement supporting Totaro's motion for compassionate release. Doc. 734. For the reasons stated herein, this Court denies Totaro's motion, Doc. 725, at this time.

**II.     Legal Standard**

The First Step Act modified 18 U.S.C. § 3582(c) to allow inmates to move to reduce their sentences based on "'extraordinary and compelling' circumstances." United States v. Loggins, 966 F.3d 891, 892 (8th Cir. 2020). Such a motion "is sometimes described as a request for

'compassionate release.'" Id.; see also United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

In considering a motion for compassionate release, a court first considers whether the motion is supported by the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582 (c)(1)(A); Loggins, 966 F.3d at 892. "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." Loggins, 966 F.3d at 893. The defendant has the burden to show that his circumstances warrant a sentence reduction under 18 U.S.C. § 3582(c). United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). After considering the § 3553(a) sentencing factors, a court may grant a motion for compassionate release if it is consistent with the relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3582 (c)(1)(A); Loggins, 966 F.3d at 892.

### III. Discussion

#### A. 18 U.S.C. § 3553(a) Sentencing Factors

Section 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines ...

The sentencing factors in 18 U.S.C. 3553(a) supported a considerable sentence for Totaro's offenses. He committed sophisticated financial crimes that created a long list of victims, each of whom lost thousands of dollars, and resulted in a total restitution amount of almost $2.3 million. See Totaro, 4:99-cr-40137-RAL, Doc. 619 at 6–7, 9. These crimes were serious, especially considering that it was Totaro's second conviction for this type of offense. See Totaro, 40 Fed. App'x at 322. The original sentence was no doubt designed not only to deter Totaro from committing similar crimes, which his prior conviction apparently had not, but also to protect the public from him continuing to perpetrate such scams. In order to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the sentencing court determined that a total sentence of 360 months, broken down among the 61 counts of conviction, was a sufficient, but not greater than necessary, sentence.

Totaro contends that he presents no danger to himself, any other person or the community by noting that he incurred no disciplinary reports and did not lose any good time credit. Doc. 725 at 8. This Court commends Totaro for his behavioral control while serving his long prison sentence. However, Totaro's crimes did not involve physical violence but were financial in nature, so his behavior control in custody, while commendable, is less an indication of being reformed than it would be for a violent offender. Regardless, the same factors that supported the court's original sentence still exist today, though Totaro is now much older than when he was committing the white collar offenses. See United States v. Rodd, 966 F.3d 740, 747 (8th Cir. 2020) (quoting United States v. Rodd, No. CR 13-230 ADM/JSM, 2019 WL 5623973, at *4 (D. Minn. Oct. 31, 2019)) (affirming the denial of an inmate's motion for compassionate release when "the Section 3553(a) factors present at sentencing have not changed").

**B. Extraordinary and Compelling Reason**

This Court next looks to whether "extraordinary and compelling reasons" exist to justify a sentence reduction. Congress has left it to the Sentencing Commission[1] to promulgate what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement of the Sentencing Commission, U.S.S.G. § 1B1.13, states that "extraordinary and compelling reasons" may exist under the following circumstances:

> (A) "Medical Condition of the Defendant--" such as when the defendant is suffering from a terminal illness, a serious cognitive or functional impairment, or deterioration from the aging process;
>
> (B) "Age of the Defendant--" such when the defendant is at least 65 years old, suffering serious physical or mental deterioration due to the aging process, and has served certain portion of his sentence;
>
> (C) "Family Circumstances--" which may apply upon
>   (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or
>   (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner;" or
>
> (D) "Other Reasons," such as when "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" exists.

U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

Totaro bases his motion on two arguments.[2] First, Totaro argues that he qualifies for compassionate release pursuant to subsection (B) of §1B1.13 comment note 1. Doc. 725 at 11.

---

[1] The Eighth Circuit has stated that the First Step Act requires no more than a district court consider U.S.S.G. § 1B1.13 and its commentary. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021) (cleaned up and citation omitted). "A guidelines policy statement is important advisory guidance, but it is binding only if it prohibits a district court from taking a specified action." United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021) (cleaned up and citation omitted). Thus, although a district court must consider the relevant factors identified in USSG § 1B1.13 and its commentary, the policy statement is advisory and does not limit a court's exercise of discretion when considering a motion for compassionate release. Id.

[2] In a supporting brief, Doc. 734 at 6, the Office of the Federal Public Defender argues that this Court should consider Totaro's advanced age and time served as "extraordinary and compelling"

Subsection (B) provides that extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his… term of imprisonment, whichever is less." Because Totaro meets the objective requirements of subsections (i) and (iii) because he is 79 years old and has served more than 20 years of his sentence, Doc. 725 at 12, the question then becomes whether he is experiencing a serious deterioration in physical or mental health because of the aging process.

Totaro argues that "[i]t is precisely because of his advanced age . . . [and] his deteriorating physical condition as well as mental stability over concerns for his wife's serious health condition," Doc. 725 at 12, that he meets the "extraordinary and compelling" standard to warrant an immediate sentence reduction. This Court previously stated that "[b]ecause Totaro has been released from confinement in a correctional institution and can therefore treat and exercise his condition more freely . . . , his hip pain and osteoarthritis do not create the type of 'serious deterioration' necessary to constitute a sentence reduction at this time." Doc. 718. Totaro responds that because he is legally still in BOP custody, his home confinement can be rescinded at any moment and his "movement and activities are subject to the constant arbitrary approval and supervision by the BOP authorized halfway house." Docs. 725 at 11, 734 at 9-10. While the Court understands Totaro's

---

reasons justifying release under USSG § 1B1.13, comment. n.1(D). This Court does not view Totaro's advanced age, length of time served or any combination of the above as altering the Court's analysis after considering the § 3553(a) sentencing factors or under Subsection (B) or (C) to §1B1.13 comment note 1. The Office of the Federal Public Defender also argues that Totaro qualifies for compassionate release under Section 4(c) of the BOP Program Statement 5050.50. Doc. 734 at 6-7. However, that analysis includes evaluating the factors in Section 7 of the BOP Program Statement 5050.50 including the nature and circumstances of the inmate's offense and criminal history. BOP Program Statement 5050.50 at 6-7, 12, accessible at https://perma.cc/98YN-KRQX. As explained above, the § 3553(a) sentencing factors including the nature and circumstances of the offense and Totaro's criminal history weigh against granting compassionate release.

frustration with continued supervision, compassionate release does not mean release without conditions. Indeed, even if this Court were to grant compassionate release, Totaro would be subject to supervision at least for the three year period as set forth in his original sentence. Doc. 558 at 4. If Totaro experiences further deterioration of his physical health so that satisfying the requirements imposed by the BOP becomes impossible or if the BOP rescinds home confinement, he is free to refile a motion for compassionate release in his criminal file.

Totaro also argues that he qualifies for compassionate release pursuant to subsection (C)(ii) to §1B1.13 comment note 1 which states that "extraordinary and compelling" reasons may exist with "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(c)(ii). Totaro argues that his wife's recent diagnosis of Acute Myeloid Leukemia justifies compassionate release as her medical care includes chemotherapy treatments multiple times per week. Docs. 725 at 10, 734 at 5. Totaro contends that he was not permitted to accompany his wife for testing and consultations with doctors. Doc. 725 at 10. Although the Court is sympathetic to Totaro's wife's medical condition, he has not demonstrated that she is "incapacitated" or that he is the only available caregiver.

Guidance from the BOP Program Statement on U.S.S.G. 1B1.13 cmt. n.1(C)(ii) states that "'incapacitation'" means the inmate's spouse or registered partner has:

> [1] Suffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair; or
>
> [2] A severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the spouse's or registered partner's mental capacity or function), but may not be confined to a bed or chair.

BOP Program Statement 5050.50 at 10, accessible at https://perma.cc/98YN-KRQX. Totaro is able to physically care for his wife now, given the conditions of release but apparently impeded from accompanying his wife to appointments. Doc 725 at 10. The supporting brief submitted by the Office of the Federal Public Defender indicates Totaro's wife is still able to drive herself to and from her chemotherapy appointments, and that one of Totaro's adult sons and his family live nearby and are another resource to care for Totaro's wife in the event of an emergency. Doc. 734 at 5. In the unfortunate event that Totaro's wife's medical condition worsens to the point that she is incapacitated and Totaro is deemed the only available caregiver, Totaro is free to resubmit his request following the documentation process outlined in the BOP Program statement. BOP Program Statement 5050.50 at 10, accessible at https://perma.cc/98YN-KRQX

Because this Court does not currently find "extraordinary and compelling reasons" for a sentence reduction, it is hereby

ORDERED that Totaro's motion for compassionate release, Doc. 725, is denied at this time.

DATED this 3rd day of December, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE