UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD N. TOTARO,<br><br>Defendant. | 4:99-CR-40137-RAL<br><br>OPINION AND ORDER DENYING MOTION TO REVERSE RULING |

Defendant Ronald N. Totaro ("Totaro") filed a Motion to Reverse Ruling for Lack of Subject Matter Jurisdiction, Doc. 777, and various letters thereafter reiterating his arguments. Docs. 778, 779, 780, 781, 782. Totaro previously had filed a Second Motion for Judicial Disqualification and Reconsideration of the Terms of Probation and Restitution, Doc. 757, and Motion for Preliminary Injunction (Temporary Restraining Order), Doc. 760, also challenging, among other things, an increase in his monthly restitution in the aftermath of granting Totaro's motion for compassionate release, Doc. 741. This Court denied those motions, and the United States Court of Appeals for the Eighth Circuit affirmed, Doc. 773.

## I.    Factual Background

In 2001, Totaro was convicted by a jury of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering. United States v. Totaro, No CR 99-40137-RHB, 2010 WL 883773, at *1 (D.S.D. March 10, 2010). The convictions resulted from an "advance fee" scheme Totaro ran from 1984 until 1999 in which he scammed

1

investors out of millions of dollars. United States v. Totaro, 40 F. App'x 321, 322 (8th Cir. 2002).

Prior to this scheme, Totaro had been convicted of mail fraud for a similar scheme in the Western

District of New York in 1984. Id.

For these crimes, Totaro was sentenced to thirty years in prison and ordered to pay more

than two million dollars in restitution.[1]  Id.  Thereafter, Totaro filed numerous motions, new

lawsuits, and appeals seeking relief in this Court, the United States Court of Appeals for the Eighth

Circuit, and Supreme Court of the United States. [2]  In 2013, the undersigned judge was reassigned

---

[1] By July 2022, Totaro had paid $317,133.17 of the $2,297,739.00 restitution order.

[2] See, e.g., Docs. 352 (motion for recusal by co-defendant), 367, (order denying motion for recusal), 559 (notice of appeal to Eighth Circuit Court of Appeals of judgment of conviction), 570 (motion to correct clerical error in sentencing), 571 (order denying motion to correct clerical error), 585–86 (order from Eighth Circuit Court of Appeals affirming conviction), 625 (letter to prevent destruction of documents and for transcript of sentence hearing), 628 (Dodd motion), 631 (motion for reduced sentence), 632 (motion for discovery), 633 (motion for release pending appeal), 634 (motion to disqualify judge), 636 (order denying motion for recusal), 639, (appeal of motion of recusal), 642-45 (order and opinion from Eighth Circuit affirming district court judgment/striking line denying new filings), 646 (petition for writ of certiorari), 647 (order from Supreme Court of the United States denying writ of certiorari), 648 (letter regarding motion to recuse), 650 (motion for reconsideration for relief from judgment), 653–54 (motion for reconsideration), 657 (notice of appeal of motion for reconsideration), 662–63 (motion for relief and brief in support), 666 (motion of appeal directly to Eighth Circuit), 667 (notice of appeal regarding motion for relief from judgment), 671 (order from Eighth Circuit affirming denial of appeal), 676–80 (petition for writ of audita querela and supporting motions), 683 (appeal to Eighth Circuit of writ of audita querela), 691 (notice of appeal to Supreme Court of the United States), 693 (order from Supreme Court of the United States denying certiorari), 694 (motion for relief from judgment), 697 (request for docket activity), 698 (letter from Clerk with docket activity), 699 (notice of appeal to Eighth Circuit of denial of motion for miscellaneous relief), 702–04 (judgment and order denying appeal from Eighth Circuit), 710–11 (motion for relief under the First Step Act and supplement), 716 (reply motion response), 718 (opinion and order denying compassionate release), 720 (notice of appeal of First Step Act), 723–24 (order from Eighth Circuit affirming denial of First Step Act petition), 725–26 (second motion for relief under First Step Act, compassionate release, and supplement), 734 (supplement), 736 (motion for judicial disqualification and reconsideration), 739–40 (supplement and reply); see also Totaro v. United States, 4:04-cv-04053-RHB (motion to vacate); Totaro v. United States, 4:10-cv-04162-RHB (motion to vacate); Totaro v. Battey, 4:12-cv-04143-RAL (petition for writ of mandamus); Totaro v. United States, 4:13-cv-04097-RAL (motion to vacate); Totaro v. USA, 4:19-cv-04057-RAL (petition for writ of habeas corpus); Totaro v. United States, 5:08-cv-05041-RHB (writ of habeas corpus).

to Totaro's case after the retirement of the trial and sentencing judge, the late Honorable Richard H. Battey. Doc. 695.

In March 2020, Totaro filed a compassionate release request in a parallel habeas action. Doc. 29 in 19-cv-4057-RAL. This Court dismissed the parallel habeas case on August 11, 2020, Doc. 33 in 19-cv-4057-RAL, and filed the same opinion and order in the present file, 4:99-cr-40137-RAL, denying the requested compassionate release, Doc. 718. While the habeas action was ongoing and considering the COVID-19 pandemic, the Bureau of Prisons ("BOP") on June 3, 2020, transferred Totaro from FCI Fort Dix Camp to home confinement under the supervision of a halfway house, The Drapelick Center, Community Solutions, in Bloomfield, Connecticut. Doc. 725. He has lived with his wife since his release, who has been in treatment for cancer. Id.

Despite his release to home confinement, Totaro asked this Court again for compassionate release in September 2021, arguing that home confinement may still be withheld or revoked by the BOP. Doc. 725. Totaro contended his failing health, as well as his wife's cancer diagnosis and treatment plan, qualified as extraordinary and compelling reasons justifying compassionate release. Doc. 725. This Court initially denied Totaro's compassionate release request in December 2021, Doc. 735, but granted Totaro's second compassionate release request in March 2022, Doc. 741; Doc. 743. The Second Amended Judgment of Conviction accordingly ordered that Totaro be committed to a term of imprisonment of "[a]ll time served through the date of this Second Amended Judgment." Doc. 743 at 2. As a condition of supervised release, this Court ordered that "[t]he defendant will be on supervised [release] until 09/04/2026 pursuant to 18 U.S.C. § 3582(c)(1)(A). Following that term, the defendant will begin a 3 year term of supervised release, concurrent on each count of conviction." Doc. 743 at 3. The Second Amended Judgment carried

3

through language from the original judgment for Totaro to make $200 monthly restitution payments. Doc. 743.

This Court, realizing that Totaro would hardly make a dent in the approximately two million dollars of restitution owed by paying $200 per month and that Totaro's early release might allow him to pay more in monthly restitution, ordered Totaro to show cause why his monthly restitution payments should not be increased. Doc. 742. The government, Doc. 751; Doc. 752, and Totaro responded, Doc. 745; Doc. 747; Doc. 754, with financial data and memorandums. Totaro claimed to have monthly income of $1,132 from social security payments. Doc. 745. He claimed his monthly expenses totaled $1,940, and that he gives his wife $1,000 each month. Doc. 745; Doc. 747. Totaro moved to suspend restitution payments. Doc. 750. Totaro also submitted a request to correct error in the record regarding the order granting him supervised release. Doc. 746. This Court denied those motions because Totaro's circumstances showed a better ability to pay now that he is on supervised release and because there was no actual error in the record. Doc. 755. Based on the briefing, this Court amended the judgment and ordered Totaro to pay $1,000 a month towards restitution. Doc. 755.

Totaro has previously filed motions for disqualification, Docs. 634, 736, 757, which were denied, Docs. 636, 741, 761. Totaro now has filed another motion, this time seeking reversal of prior rulings asserting an absence of jurisdiction in the District of South Dakota over him, as well as recycling previous arguments including ones relating to his underlying trial, conviction, and sentencing. This Court denies Totaro's latest motion.

## II.    Discussion

Totaro moves for reversal for lack of subject matter jurisdiction, Doc. 777 at 7-8, but then recycles arguments about his conviction, the trial judge and his trial lawyer, his sentencing, the

prosecutor's conduct, various excerpts from past judicial decisions with which he disagrees, his grant of compassionate release, and the increase in his monthly restitution obligation. Doc. 777 at 9-43; see Docs. 778, 779, 780, 781, 782. Totaro basically asks for reconsideration of past rulings.

This Court has the inherent authority to reconsider a ruling as long as it has jurisdiction in the case. Dietz v. Bouldin, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (stating that district courts have inherent authority to reconsider their own orders unless there is law to the contrary). A district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 414.

First, this Court has had and continues to have jurisdiction over Totaro's criminal case. Totaro's crimes in this case occurred in the District of South Dakota, his trial occurred in the District of South Dakota, he was sentenced in the District of South Dakota, and he now is on supervised release in this case based on a judgment entered in the District of South Dakota. See Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009) (holding a claim attacking the validity of a sentence is properly entertained in the sentencing court). The mere fact that he is being supervised in the District of Connecticut does not deprive this Court of jurisdiction over Totaro. Cf. id. ("On the other hand, a claim attacking the execution of that sentence should be brought . . . in the jurisdiction of incarceration."). Indeed, if Totaro truly believed that jurisdiction over him exclusively rests in the District of Connecticut, then he should be seeking relief there, and not from a court which in Totaro's view, lacks jurisdiction to act. Here, however, Totaro is clearly

5

challenging the validity of his trial, conviction, and sentence, not the execution of his sentence. Thus, this Court, not the District of Connecticut, has jurisdiction over his claims. Id. at 649.

Second, Totaro largely recycles arguments that he repeatedly has made and lost in the past. Totaro essentially seeks to have this Court reverse past rulings that have been affirmed by the United States Court of Appeals for the Eighth Circuit. A motion to reverse at the district court level is not a replacement for seeking certiorari from the Supreme Court of the United States for review of a federal court of appeals ruling. See 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478.3 (3d ed.) ("[A]ppeal jurisdiction runs from district court to circuit court of appeals, not the other way around . . . ."). This Court is bound by the appellate court's decision and "must carry it into execution according to the mandate." Thompson v. Comm'r., 821 F.3d 1008, 1011 (8th Cir. 2016). The law-of-the-case doctrine "prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." Id. (cleaned up). Under the doctrine, this Court cannot "reopen issues already decided" unless a prior decision "is clearly erroneous and would work a manifest injustice." Id. Totaro has not made such a showing in this case.

### III.    Conclusion

For the reasons stated above, it is

ORDERED that Totaro's motion to reverse ruling, Doc. 777, is denied.

DATED this 23rd day of October, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE