UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD N. TOTARO,<br><br>Defendant. | 4:99-CR-40137-RAL<br><br>OPINION AND ORDER DENYING MOTION TO REDUCE RESTITUTION |

Defendant Ronald Totaro was convicted of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering. United States v. Totaro, 40 F. App'x 321, 322 (8th Cir. 2002). Totaro scammed victims out of millions of dollars and ended up owing $2,297,739.00 under a restitution order. Doc. 552. He has serially filed motions and filed multiple appeals without obtaining relief. See Doc. 783 at 2 n.2.

This Court granted Totaro compassionate release, Docs. 741, 743, but—given his prolonged time in custody and concerns that paying just $200 per month would scarcely dent the restitution balance—this Court entered an order to show cause why restitution should not be increased. Doc. 742. After considering various financial information from the Government and Totaro, Docs. 751, 752, 745, 747, 754, this Court amended the judgment and ordered Totaro to pay $1,000 per month toward restitution. Doc. 755.

Totaro protested through a series of filings. This Court issued a lengthy decision refusing to reconsider the $1,000 per month restitution amount. Doc. 761. Totaro appealed, Doc. 763, and the United States Court of Appeals for the Eighth Circuit affirmed, Docs. 772, 773, 774, and denied

1

Totaro's petition for rehearing, Doc. 775. Totaro challenged the ruling anew, seeking to have this Court reverse its ruling, Doc. 777. This Court refused to reverse itself. Doc. 783. Totaro again appealed, Doc. 784, and lost, Docs. 788, 789.

Now back before this Court, once again, Totaro has filed a Motion to Reduce Restitution Payments, Doc. 790, with attachments, Doc. 790-1, and a supplement, Doc. 791. "[W]hen a case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court . . . is finally settled and determined, and the court on remand is bound by the decree and must carry it into execution according to the mandate." Thompson v. Comm'r, 821 F.3d 1008, 1011 (8th Cir. 2016). Revisiting a previously decided issue is generally only appropriate if the earlier decision "is clearly erroneous and would work a manifest injustice." Id. (cleaned up and citations omitted).

In federal court, a convicted offender may be ordered to reimburse victims for financial losses incurred due to the offender's criminal conduct through a process called restitution. "Pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3664 (Supp. II 1996), restitution is required for certain crimes . . . ." United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). Wire fraud, one of the crimes Totaro was convicted of committing, qualifies as such an offense because it involves a "scheme or artifice to defraud." United States v. Parnell, 959 F.3d 537, 540 (2d Cir. 2020). District courts are obligated to impose restitution in the full amount of a victim's losses "without consideration of the economic circumstances of the defendant." McGlothlin, 249 F.3d at 784 (citing § 3664(f)(1)(A)). Sentencing courts have the discretion to order a single payment, partial payments made at certain intervals, or in-kind payments. Jones v. Fikes, No. 20-CV-1341 (SRN/HB), 2021 WL 536135, at *4 (D. Minn. Jan. 19, 2021), report and recommendation adopted, No. 20-CV-01341 (SRN/HB), 2021 WL 533700

(D. Minn. Feb. 12, 2021); see 18 U.S.C. § 3664(f)(3)(A). "The offender's ability to pay is relevant only in determining whether restitution should be paid by lump-sum, a schedule of payments, or nominal payments." McGlothlin, 249 F.3d at 784. "Thus, the district court has substantial discretion in determining how restitution is to be paid. Id. (citing 18 U.S.C. § 3364(f)(2)).

Section § 3664(k) allows a court to modify a restitution order under certain circumstances. See United States v. Dejong, No. 13-00134-01-CR-W-HFS, 2018 WL 9371685, at *1 (W.D. Mo. Nov. 16, 2018). "While the statute authorizes a district court to make a change in a defendant's restitution obligations, doing so requires a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" Id. (citing 18 U.S.C. § 3664(k)).

This Court has reviewed Totaro's filings and recognizes that the $1,000 per month is an amount that approximates but does not exceed his monthly income. The increased monthly restitution amount may produce financial stress on Totaro and his wife, but perceived financial hardship is not an adequate reason justifying a decrease in restitution. See Dejong, 2018 WL 9371685, at *1 ("Although defendant complains that the monthly restitution increase from $65.00 to $100.00 creates a financial hardship, it does not constitute a material change such that it affects defendant's ability to pay restitution."). Totaro's criminal conduct inflicted financial stress on his victims, who have waited for more than two decades to be paid restitution. He can and has paid the $1,000 monthly restitution amount and should continue to do so. Totaro also recycles arguments accusing the undersigned of bias. This Court has addressed those concerns previously in denying motions with essentially identical arguments. Docs. 761, 783.

Totaro has not shown the restitution order previously affirmed by the Eighth Circuit was clearly erroneous or that it creates a manifest injustice. He further has not demonstrated any

material change in his economic circumstances that affects his ability to pay restitution. Therefore, it is

    ORDERED that Totaro's Motion to Reduce Restitution Payments, Doc. 790, is denied.

    DATED this 26th day of February, 2025.

                                         BY THE COURT:

                                         _____
                                         ROBERTO A. LANGE
                                         CHIEF JUDGE