UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD N. TOTARO,<br><br>Defendant. | 4:99-CR-40137-RAL<br><br>OPINION AND ORDER DENYING LATEST SUCCESSIVE MOTION TO REDUCE RESTITUTION |

Defendant Ronald Totaro was convicted of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering. United States v. Totaro, 40 F. App'x 321, 322 (8th Cir. 2002). Totaro scammed victims out of millions of dollars and ended up owing $2,297,739.00 under a restitution order. Doc. 552. He has serially filed motions and filed multiple appeals without obtaining relief. See Doc. 783 at 2 n.2.

This Court granted Totaro compassionate release, Docs. 741, 743, but—given his prolonged time in custody and concerns that paying just $200 per month would scarcely dent the restitution balance—this Court entered an order to show cause why restitution should not be increased. Doc. 742. After considering various financial information from the Government and Totaro, Docs. 751, 752, 745, 747, 754, this Court amended the judgment and ordered Totaro to pay $1,000 per month toward restitution. Doc. 755.

Totaro protested through a series of filings. This Court issued a lengthy decision refusing to reconsider the $1,000 per month restitution amount. Doc. 761. Totaro appealed, Doc. 763, and the United States Court of Appeals for the Eighth Circuit affirmed, Docs. 772, 773, 774, and denied

1

Totaro's petition for rehearing, Doc. 775. Totaro challenged the ruling anew, seeking to have this Court reverse its ruling, Doc. 777. This Court refused to reverse itself. Doc. 783. Totaro again appealed, Doc. 784, and lost, Docs. 788, 789.

Totaro on February 6, 2025, filed a Motion to Reduce Restitution Payments, Doc. 790, with attachments, Doc. 790-1, and a supplement, Doc. 791. This Court denied that motion, Doc. 792, which Totaro appealed without obtaining relief. Docs. 796, 797, 798. Undeterred, Totaro on July 17, 2025, filed another Motion to Reduce Restitution Payments. Doc. 799. Totaro argues that $1,000 per month is almost all of his income and that his and his wife's expenses are too much to pay any restitution at all. Doc. 799 at 4, 6-13. Totaro also argues to this Court that the Eighth Circuit's dismissal of his appeal was erroneous. Doc. 799 at 5. This Court denied that motion, Doc. 800, which Totaro appealed, Doc. 801, and which was summarily affirmed on November 5, 2025, Doc. 805. Eight days later, Totaro on November 13, 2025, filed the now-pending Motion to Amend a Previous Court Ruling again disputing the monthly restitution of $1,000 as being too much and consuming nearly all of his social security benefits. Doc. 806.

In federal court, a convicted offender may be ordered to reimburse victims for financial losses incurred due to the offender's criminal conduct through a process called restitution. "Pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3664 (Supp. II 1996), restitution is required for certain crimes . . . ." United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). Wire fraud, one of the crimes Totaro was convicted of committing, qualifies as such an offense because it involves a "scheme or artifice to defraud." United States v. Parnell, 959 F.3d 537, 540 (2d Cir. 2020). District courts are obligated to impose restitution in the full amount of a victim's losses "without consideration of the economic circumstances of the defendant." McGlothlin, 249 F.3d at 784 (citing § 3664(f)(1)(A)). Sentencing courts have the

discretion to order a single payment, partial payments made at certain intervals, or in-kind payments. Jones v. Fikes, No. 20-CV-1341 (SRN/HB), 2021 WL 536135, at *4 (D. Minn. Jan. 19, 2021), report and recommendation adopted, No. 20-CV-01341 (SRN/HB), 2021 WL 533700 (D. Minn. Feb. 12, 2021); see 18 U.S.C. § 3664(f)(3)(A). "The offender's ability to pay is relevant only in determining whether restitution should be paid by lump-sum, a schedule of payments, or nominal payments." McGlothlin, 249 F.3d at 784. "Thus, the district court has substantial discretion in determining how restitution is to be paid. Id. (citing 18 U.S.C. § 3364(f)(2)).

Section § 3664(k) allows a court to modify a restitution order under certain circumstances. See United States v. Dejong, No. 13-00134-01-CR-W-HFS, 2018 WL 9371685, at *1 (W.D. Mo. Nov. 16, 2018). "While the statute authorizes a district court to make a change in a defendant's restitution obligations, doing so requires a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" Id. (citing 18 U.S.C. § 3664(k)).

This Court has reviewed Totaro's filings and recognizes that the $1,000 per month is an amount that approaches but does not exceed his monthly income. Such a monthly restitution amount produces financial stress on Totaro and his wife, but perceived financial hardship is not an adequate reason justifying a decrease in restitution. See Dejong, 2018 WL 9371685, at *1 ("Although defendant complains that the monthly restitution increase from $65.00 to $100.00 creates a financial hardship, it does not constitute a material change such that it affects defendant's ability to pay restitution."). Totaro's criminal conduct inflicted financial stress on his victims, who have waited for more than two decades to be paid restitution. He can and has at times paid the $1,000 monthly restitution amount and must continue to do so.

Totaro has not shown the restitution order previously affirmed by the Eighth Circuit was clearly erroneous or that it creates a manifest injustice. Revisiting a previously decided issue is generally only appropriate if the earlier decision "is clearly erroneous and would work a manifest injustice." Thompson v. Comm'r, 821 F.3d 1008, 1011 (8th Cir. 2016) (cleaned up and citations omitted). Therefore, it is

ORDERED that Totaro's latest successive Motion to Reduce Restitution Payments, Doc. 806, is denied.

DATED this 16th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE